# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS H. GOSS,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF FRESNO,<br><br>  Defendant. | Case No.  1:24-cv-00698-BAM (PC)<br><br>ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIM<br><br>(ECF No. 1) |

Plaintiff Thomas H. Goss ("Plaintiff") is a civil detainee appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). Plaintiff's complaint is currently before the Court for screening.  (ECF No. 1.)

**I.	Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**I.      Plaintiff's Allegations**

Plaintiff is currently housed at Coalinga State Hospital ("Coalinga") in Coalinga, California. Plaintiff alleges the events in the complaint occurred while Plaintiff was housed at the Fresno County Jail. Plaintiff names the County of Fresno as the sole defendant.

Plaintiff alleges his rights were violated when he was awaiting proceedings under California's SVPA (Sexually Violent Predators Act) and being detained in the custody of the Fresno Sheriff as a civil detainee from January 21, 2020 to March 30, 2021, and then again in August 2021 through October 2021. Plaintiff alleges that the municipality is responsible for housing and conditions of confinement and policies and lack of policies governing the housing of SVP's (Sexually violent Predator) within the county jail.

When Plaintiff returned back to Coalinga on March 30, 2021, all his property including legal work was in storage. Coalinga was on modified program because of COVID and Plaintiff was in quarantine and unable to get to the law library. When Plaintiff returned back to Fresno County jail in August 2021, Plaintiff's property remained in storage. Plaintiff then returned back to Coalinga in October of 2021, Coalinga was on modified program and in quarantine due to COVID. Plaintiff could not get to the law library or help from other inmates.

In 2023, when COVID was no longer considered a pandemic, Coalinga lifted its modified program and movement around started to return back to normal. In the middle of 2023 and early

1    2024, Plaintiff's unit went on quarantine a few times and Plaintiff could not get to the law library.
2    Plaintiff was able to work on this lawsuit several times between January 2024 and April of 2024.
3    Some of his paperwork was still in storage.   Plaintiff's counsel not get his paperwork until the
4    end of May 2024.  Plaintiff diligently worked on this lawsuit until he filed the complaint.
5         When Plaintiff arrived at Fresno County Jail, he was booked as a civil detainee on the
6    SVPA and housed as a civil detainee.  He was first housed in AJ3G3, a 12 man dorm SVP unit. It
7    had an open living room and dayroom. The unit had TVs, phones, tables, beds, toilets, sinks in the
8    open day room. During Plaintiff's seven months in AJ3G3, Plaintiff did not get any recreation
9    time.  Deputies never asked Plaintiff if he wanted to go to recreation. After seven months,
10   Plaintiff was returned to Coalinga.
11        In August, when Plaintiff was returned to Fresno County Jail, Plaintiff was moved  AJ3G3
12   to AJ2G3 then to MJ2B4 which is a medical unit, two bed dorm.  Then he was moved to MJ2A7
13   then to AJ2F2 until he was sent back to Coalinga. AJ2F2 is a 12 person dorm.  When Plaintiff
14   arrived he was classified as a civil detainee who was returning for SVPA proceedings.
15        While Plaintiff was housed at AJ2F2, deputies on many occasions would not turn on the
16   TV. The shower would clog and it would take a couple of days for a plumber to come and unclog
17   it.  It caused unsanitary conditions and Plaintiff would have to stand in greywater while he
18   showered. Plaintiff asked for cleaning supplies but was not provided with supplies.
19        While housed at Fresno County Jail, Plaintiff claims that he was subject to policies as
20   those under criminal process. Plaintiff was not given more consideration as a civil detainee under
21   jail policies.  Plaintiff alleges that he was subjected to the same policies as those under the
22   criminal process, as follows:  recreation, visiting, dayroom time, religious services, restraints and
23   escort, cleaning opportunities, the Edovo Program (he was not given more usage).
24        Plaintiff was restricted from the use of the legal kiosk because he was not a pro per.
25        Plaintiff challenges that Fresno County Jail does not allow many of the amenities that
26   Plaintiff is permitted to have while housed at Coalinga.  At Coalinga, Plaintiff is permitted to
27   have personal electronics, such as a TV, coffee pot, DVD, etc., but while at Fresno County Jail he
28   is not permitted to have these items.  At Coalinga, Plaintiff is permitted to have personal clothes,

go to the gym to exercise up to six hours a day, go outside for eleven hours, go to the sports court, but while at Fresno County Jail he is not permitted to have these items. At Coalinga, Plaintiff is permitted to go to canteen every day, access the grill, have cleaning supplies, but while at Fresno County Jail he is not permitted to have these items.  At Coalinga, Plaintiff has access to the library daily, has access to the computer lab, can make confidential calls, send confidential mail, can get clean clothing daily, clean bedding weakly, but while at Fresno County Jail he is not permitted to have these items. At Coalinga, Plaintiff could exchange meal main course, had access to condiments, has access to a microwave, a refrigerator, but while at Fresno County Jail he is not permitted to have these items.  At Coalinga, Plaintiff could participate in sex offender treatment and other treatment and education courses, but while at Fresno County Jail he does not have these services.

Plaintiff alleges that the deficient policies or lack of sufficient polices regarding housing and treatment of those held under California Welfare and Institution Code §6600 made the conditions of confinement similar to and more restrictive than imposed on the criminal population of the jail.  Plaintiff alleges that liability attaches to the deputies working on Plaintiff's housing unit. Since the conditions of confinement for SVPs are essentially the same as the criminal counterparts, Plaintiff's conditions of confinement are punitive and in violation of Due Process. There was no legitimate nonpunitive justification.

Plaintiff alleges that the policies of the jail that housed Plaintiff in a more restrictive environment than when Plaintiff was at Coalinga. Plaintiff's conditions of confinement are punitive and in violation of Due Process.

County of Fresno is liable for failing to fix the shower drain, failing to give out cleaning supplies to clean after the plumbers fix the clogged drain each time and in violation of the Fourteenth and Eighth Amendment.

As remedies, Plaintiff seeks damages and injunctive relief.

**III.    Discussion**

**Monell Liability**

A local governmental entity, such as the County, "may not be sued under § 1983 for an

4

injury inflicted solely by its employees or agents. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694 (1978). Municipalities "cannot be held liable [for the actions of their employees] under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 591. Instead, the constitutional injury must occur during the execution of an official "policy or custom." *Id.* at 694. "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.' " *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

### 1. Constitutional Right under Due Process

A civilly committed individual's right to constitutionally adequate conditions is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). To state a claim that the conditions of his confinement violate his due process rights under the Fourteenth Amendment, plaintiff must allege facts showing the conditions amount to "punishment." *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (stating restriction is punitive where it is intended to punish, is excessive in relation to its non-punitive purpose, or is employed to achieve objectives that could be accomplished in alternative, less harsh methods). Punitive conditions of confinement are those that are either expressly intended to punish or those that are "excessive in relation to the alternative purpose [for confinement]." *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)). "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg,* 457 U.S. at 321–22. Conditions of confinement are presumptively punitive where (1) they are "identical to, similar to, or more restrictive than, those in which [a civil pre-trial detainee's] criminal counterparts are held" or (2) they are "more restrictive than those the individual would face following SVPA commitment." *King v. County of Los Angeles*, 885 F.3d 548, 557 (9th Cir. 2018) (alteration in original) (quoting

*Jones*, 393 F.3d at 932-33). If either presumption applies, the burden shifts to the defendant to show (1) "legitimate, non-punitive interests justifying the conditions of [the detainee's] confinement" and (2) "that the restrictions imposed...[are] not 'excessive' in relation to these interests." *Jones*, 393 F.3d at 935; *King*, 885 F.3d at 557.

As to the first presumption, comparing the conditions of confinement for SVPs to those in which the SVP detainees' criminal counterparts were held in Fresno County Jail, Plaintiff alleges that conditions were "similar" or the same. Plaintiff alleges that he was subjected to the same policies as those under the criminal process, as follows:  recreation, visiting, dayroom time, religious services, restraints and escort, cleaning opportunities, the Edovo Program (he was not given more usage). Plaintiff was restricted from the use of the legal kiosk.

As to the second presumption, comparing the conditions of confinement for those "awaiting SVPA adjudication" to those "following SVPA commitment," Plaintiff alleges the conditions for SVPs were "more restrictive" than conditions at Coalinga. Plaintiff details instances of more restrictive conditions.  Taken as true, these allegations raise a presumption of punitive conditions of confinement under *Jones* and arguably suffice to state that the plaintiff possessed a constitutional right of which he was deprived by the County.

### 2.  Policy or Custom

"A plaintiff may assert Monell liability based on: (1) an official policy; (2) a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity'; (3) the act of an 'official whose acts fairly represent official policy such that the challenged action constituted official policy'; or (4) where 'an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate."'" *Greathouse v. City of Fresno*, No. 1:24-CV-00715-JLT-BAM, 2024 WL 4381991, at *2 (E.D. Cal. Oct. 3, 2024) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)); *Hall v. County of Fresno*, No. 1:18-CV-01678 DAD GSA PC, 2020 WL 2062149, at *6 (E.D. Cal. Apr. 29, 2020)

Liberally construing the allegations of the complaint, Plaintiff's allegations state that there is a custom of treating SVPs the same as their criminal counterparts at Fresno County Jail, such as visitation, TVs, meals, lack of exercise, recreation, etc.  Liability for improper custom may not be

predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)). Plaintiff alleges that on multiple time periods in January 21, 2020 to March 30, 2021, and then again in August 2021 through October 2021, while being housed at Fresno County Jail, he was treated the same as his criminal counterparts and not given special considerations.

### 3. Policy was Deliberate Indifference and the Moving Force of Violation

The Ninth Circuit has analyzed such conditions of confinement claims under an objective deliberate indifference standard. *See Castro v. Cty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (adopting objective deliberate indifference standard based on *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to evaluate failure to protect claim brought by pretrial detainee). That standard demands that: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro*, 833 F.3d at 1071.

Liberally construing the allegations, Plaintiff alleges that the normal instances of confinement were applied to Plaintiff on a routine basis and no consideration was given to Plaintiff being an SVP inmate. Plaintiff's allegations satisfy these elements.

## III.   Conclusion and Order

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant for violation of the Fourteenth Amendment.

///

///

///

///

Accordingly, it is HEREBY ORDERED as follows:

1. This action proceed on Plaintiff's complaint, filed on June 14, 2024, against the County of Fresno for violation of the Fourteenth Amendment, and
2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated: **November 8, 2024**    /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE