# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS H. GOSS, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF FRESNO, <br><br> Defendant. | Case No. 1:24-cv-00698-BAM (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION <br><br> FINDINGS AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. RULE CIV. PROC. 12(b)(6) <br><br> (ECF No. 11) <br><br> **FOURTEEN (14) DAY DEADLINE** |

## I. Introduction

Plaintiff Thomas H. Goss ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). This action proceeds against Defendant County of Fresno ("Defendant") for violation of the Fourteenth Amendment.

On January 23, 2025, Defendant filed a motion to dismiss on the grounds that the complaint is time-barred and should be dismissed. (ECF No. 11.) Plaintiff filed an opposition on February 7, 2025, and Defendant filed a reply on February 12, 2025. (ECF Nos. 13, 15.) The

1

motion to dismiss is deemed submitted. Local Rule 230(l).

## II.  Allegations in Complaint

Plaintiff is currently housed at Coalinga State Hospital ("Coalinga") in Coalinga, California. Plaintiff alleges the events in the complaint occurred while Plaintiff was housed at the Fresno County Jail. Plaintiff names the County of Fresno as the sole defendant.

Plaintiff alleges his rights were violated when he was awaiting proceedings under California's SVPA (Sexually Violent Predators Act) and being detained in the custody of the Fresno Sheriff as a civil detainee from January 21, 2020 to March 30, 2021, and then again in August 2021 through October 2021. Plaintiff alleges that the municipality is responsible for housing and conditions of confinement and policies and lack of policies governing the housing of SVPs (Sexually Violent Predators) within the county jail.

When Plaintiff returned back to Coalinga on March 30, 2021, all his property including legal work was in storage. Coalinga was on modified program because of COVID and Plaintiff was in quarantine and unable to get to the law library. When Plaintiff returned back to Fresno County Jail in August 2021, Plaintiff's property remained in storage. Plaintiff then returned back to Coalinga in October of 2021, Coalinga was on modified program and in quarantine due to COVID. Plaintiff could not get to the law library or help from other inmates.

In 2023, when COVID was no longer considered a pandemic, Coalinga lifted its modified program and movement around started to return back to normal. In the middle of 2023 and early 2024, Plaintiff's unit went on quarantine a few times and Plaintiff could not get to the law library. Plaintiff was able to work on this lawsuit several times between January 2024 and April of 2024. Some of his paperwork was still in storage. Plaintiff could not get his paperwork until the end of May 2024. Plaintiff diligently worked on this lawsuit until he filed the complaint.

When Plaintiff arrived at Fresno County Jail, he was booked as a civil detainee on the SVPA and housed as a civil detainee. He was first housed in AJ3G3, a 12-man dorm SVP unit. It had an open living room and dayroom. The unit had TVs, phones, tables, beds, toilets, sinks in the open day room. During Plaintiff's seven months in AJ3G3, Plaintiff did not get any recreation time. Deputies never asked Plaintiff if he wanted to go to recreation. After seven

1  months, Plaintiff was returned to Coalinga.

2  In August, when Plaintiff was returned to Fresno County Jail, Plaintiff was moved from AJ3G3 to AJ2G3 then to MJ2B4 which is a medical unit, two bed dorm. Then he was moved to MJ2A7 then to AJ2F2 until he was sent back to Coalinga. AJ2F2 is a 12-person dorm. When Plaintiff arrived he was classified as a civil detainee who was returning for SVPA proceedings.

While Plaintiff was housed at AJ2F2, deputies on many occasions would not turn on the TV. The shower would clog and it would take a couple of days for a plumber to come and unclog it. It caused unsanitary conditions and Plaintiff would have to stand in greywater while he showered. Plaintiff asked for cleaning supplies but was not provided with supplies.

While housed at Fresno County Jail, Plaintiff claims that he was subject to policies as those under criminal process. Plaintiff was not given more consideration as a civil detainee under jail policies. Plaintiff alleges that he was subjected to the same policies as those under the criminal process, as follows: recreation, visiting, dayroom time, religious services, restraints and escort, cleaning opportunities, the Edovo Program (he was not given more usage).

Plaintiff was restricted from the use of the legal kiosk because he was not a pro per.

Plaintiff challenges that Fresno County Jail does not allow many of the amenities that Plaintiff is permitted to have while housed at Coalinga. At Coalinga, Plaintiff is permitted to have personal electronics, such as a TV, coffee pot, DVD, etc., but while at Fresno County Jail he is not permitted to have these items. At Coalinga, Plaintiff is permitted to have personal clothes, go to the gym to exercise up to six hours a day, go outside for eleven hours, go to the sports court, but while at Fresno County Jail he is not permitted to have these items. At Coalinga, Plaintiff is permitted to go to canteen every day, access the grill, have cleaning supplies, but while at Fresno County Jail he is not permitted to have these items. At Coalinga, Plaintiff has access to the library daily, has access to the computer lab, can make confidential calls, send confidential mail, can get clean clothing daily, clean bedding weakly, but while at Fresno County Jail he is not permitted to have these items. At Coalinga, Plaintiff could exchange meal main course, had access to condiments, has access to a microwave, a refrigerator, but while at Fresno County Jail he is not permitted to have these items. At Coalinga, Plaintiff could participate in sex offender

treatment and other treatment and education courses, but while at Fresno County Jail he does not have these services.

Plaintiff alleges that the deficient policies or lack of sufficient polices regarding housing and treatment of those held under California Welfare and Institution Code § 6600 made the conditions of confinement similar to and more restrictive than imposed on the criminal population of the jail. Plaintiff alleges that liability attaches to the deputies working on Plaintiff's housing unit. Since the conditions of confinement for SVPs are essentially the same as the criminal counterparts, Plaintiff's conditions of confinement are punitive and in violation of Due Process. There was no legitimate nonpunitive justification.

Plaintiff alleges that the policies of the jail that housed Plaintiff in a more restrictive environment than when Plaintiff was at Coalinga. Plaintiff's conditions of confinement are punitive and in violation of Due Process.

County of Fresno is liable for failing to fix the shower drain, failing to give out cleaning supplies to clean after the plumbers fix the clogged drain each time and in violation of the Fourteenth and Eighth Amendment.

As remedies, Plaintiff seeks damages and injunctive relief.

**III.  Defendant's Motion to Dismiss**

    **A.  Legal Standards**

        1.  Motions to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). In ruling on the motion, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and

quotation marks omitted). The court may also consider documents incorporated by reference into the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pleaded. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). Also, the Court need not credit "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

        2.       <u>Statute of Limitations</u>

Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954−55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado*, 370 F.3d at 955; *Fink*, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. *Jones*, 393 F.3d at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. *Douglas*, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes"

(citations omitted)); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916 (citation and quotation marks omitted); *see also Addison v. State of Cal.*, 21 Cal. 3d 313, 319 (1978) (citations omitted). The plaintiff bears the burden to allege facts to support equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As noted above, Plaintiff is a civil detainee, not a prisoner. By its terms, Section 352.1 does not apply to civil detainees. *See Jones*, 393 F.3d at 927 ("the literal language of the statute does not cover Jones, a civil detainee"). Nevertheless, by applying California's doctrine of equitable tolling, the Ninth Circuit has found that "a continuously confined civil detainee who has pursued his claim in good faith" may take advantage of tolling. *Id.* at 930; *see also Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (requirements for equitable tolling in California). The Ninth Circuit has stated that " 'actual, uninterrupted incarceration is the touchstone' for applying California's tolling provision for the disability of imprisonment," *Jones*, 393 F.3d at 928 (quoting *Elliott v. City of Union City*, 25 F.3d 800, 803 (9th Cir. 1994)), and that the rationale behind the rule "applies with equal force to the case of an individual continuously detained under civil process," *id.* The Ninth Circuit observed that, "[l]ike criminal inmates, civil detainees litigate under serious disadvantages. The civilly confined are limited in their ability to interview witnesses and gather evidence, their access to legal materials, their ability to retain counsel, and their ability to monitor the progress of their lawsuit and keep abreast of procedural deadlines." *Id.* at 929.

**B.     Parties' Positions**

Defendant argues that Plaintiff fails to state a claim because the applicable statute of limitations expired in October of 2023, but Plaintiff's complaint was not filed until June of 2024.

1  Equitable tolling does not apply because Plaintiff did not provide timely notice of his claims to
2  Defendant within the statutory period, which is a mandatory element of California's equitable
3  tolling doctrine. The complaint is therefore time-barred and should be dismissed.
4       In opposition, Plaintiff contends that he is entitled to two years of tolling under California
5  Civil Procedure Code § 352.1(a), even though he is a civil detainee, because *Jones* makes
6  allowances for the application of tolling to a continuously incarcerated individual such as
7  Plaintiff. Therefore, assuming an accrual date of October 31, 2021, the last day Plaintiff was in
8  custody in the county jail, Plaintiff would have until October 31, 2025 to file his complaint, and
9  Plaintiff's June 14, 2024 complaint did not violate the applicable statute of limitations. Plaintiff
10 further argues that the lack of "notice" complained of by Defendant is a requirement for the
11 application of equitable tolling, rather than the application of Cal. Civ. Proc. Code § 352.1(a), and
12 because Plaintiff is not requesting equitable tolling there is no notice requirement.
13      Plaintiff argues in the alternative that even if notice of Plaintiff's claims were required
14 before the filing of the instant action, the filing of numerous other similar cases against Defendant
15 by others civilly detained in Fresno County Jail placed Defendant on constructive notice of
16 Plaintiff's claims. Plaintiff also notes that upon review of his complaint, he omitted mentioning
17 the number of inmate grievances he filed regarding the conditions of confinement and mal-
18 treatment he received at the hands of deputies, and this inadvertent oversight may be easily cured
19 through the filing of an amended complaint. Plaintiff avers that his grievances contain sufficient
20 factual descriptions that Defendant could have taken mitigating action had they been so inclined.
21 Plaintiff would provide this information as supporting documentation through discovery. Finally,
22 Plaintiff contends that the running of the statute of limitations is not apparent from the face of the
23 complaint, and the fact-specific question of equitable tolling must be resolved in a motion for
24 summary judgment. Should the Court not accept this defense, Plaintiff argues that the earliest
25 date of his accrual would have been October 31, 2021, which still presumes Plaintiff's acumen of
26 the law regarding conditions of confinement for civil detainees and his ability to physically
27 pursue and prosecute these claims, which is rebutted by the impediments he faced as described in
28 the complaint. Plaintiff requests that the motion to dismiss be rejected, or in the alternative, that

Plaintiff be permitted to amend his complaint to include his issuance of inmate grievances to remedy the issue of timely notice.

In reply, Defendant argues that *Jones* stands for the proposition that the tolling provision of section 352.1 does not apply to civil detainees. Plaintiff fails to analogize the facts, pleadings, or parties of prior-filed cases to Plaintiff's claims, and regardless, notice that other parties in other cases have filed a claim under a certain legal theory is not notice of a specific party's claim. Finally, Defendant contends that Plaintiff has not alleged anything approaching full notice of his claims before the expiration of the statutory period in October of 2023, and he cannot avail himself of equitable tolling and the statute of limitations bars Plaintiff's claim.

### C. Analysis

Based on the record before the Court, Defendant's motion to dismiss should be denied. Defendant's argument centers on that Plaintiff has not sufficiently alleged that Defendant was placed on full notice of Plaintiff's claims prior to the expiration of the statute of limitations. As Plaintiff notes, Defendant does not otherwise argue that Defendant will suffer prejudice in defending this action or that Plaintiff did not act in good faith in filing this case.

First, the Court clarifies that *Jones v. Blanas*, while stating that the literal language of section 352.1 does not apply to civil detainees, goes on to explicitly hold that "a continuously confined civil detainee who has pursued his claim in good faith" may take advantage of tolling. *Jones*, 393 F.3d at 930; *see also Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (requirements for equitable tolling in California). Defendant fails to argue that Plaintiff was not "continuously confined" during the relevant time period and fails to argue that he has not pursued his claim in good faith. Thus, under *Jones*, Plaintiff is able to take advantage of tolling.

As to whether Plaintiff provided constructive or full notice to Defendant prior to the expiration of the statute of limitations or the filing of this action, Defendant addresses only Plaintiff's argument that the filing of other, potentially similar, cases by other individuals was not sufficient to provide notice of Plaintiff's specific claims. Defendant does not address Plaintiff's argument that the filing of Plaintiff's inmate grievances would be sufficient to place Defendant on notice of Plaintiff's claims, or that Plaintiff can provide such grievances either by filing an

1  amended complaint or through discovery. Based on the current record, it appears undisputed that
2  Plaintiff was continuously confined during the relevant time period and is pursuing his claim in
3  good faith, as required by section 352.1. *Jones*, 393 F.3d at 930.

4  As mentioned above, to determine whether equitable tolling may extend a statute of
5  limitations, courts must analyze whether a plaintiff has established the doctrine's three elements:
6  timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith
7  conduct by the plaintiff. *Saint Francis Mem'l Hosp.*, 9 Cal. 5th at 725–26. Each of the three
8  factors in California's test for equitable tolling "requires a practical inquiry." *Cervantes v. City of
9  San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) (California's fact-intensive test for equitable tolling
10 is more appropriately applied at the summary judgment or trial stage of litigation.) The
11 California Supreme Court recognizes that equitable tolling is applied flexibly to "ensure
12 fundamental practicality and fairness." *J.M. v. Huntington Beach Union High Sch. Dist.*, 2 Cal.
13 5th 648, 658 (2017).

14 Here, the Court cannot determine the factual issues involved in the "notice" element of
15 equitable tolling. Plaintiff contends that Defendant was on constructive notice after defending
16 against multiple similar suits from other civil detainees, or on actual notice due to the filing of
17 Plaintiff's inmate grievances about his conditions of confinement. Defendant has addressed only
18 the constructive notice argument, and is silent as to whether Plaintiff should be permitted to
19 amend his complaint to allege that these grievances were filed or to submit the grievances
20 themselves as evidence. Thus, at the motion to dismiss stage, the Court cannot determine the
21 factual issues involved in equitable tolling.[1]

## IV.  Order and Recommendation

23 Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a
24 District Judge to this action.

---

[1] If Defendant believes, in good faith, that Plaintiff is not entitled to equitable tolling, such argument may be raised by way of motion for summary judgment with supporting evidence and legal authority. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (a motion for summary judgment is the proper procedure to evaluate the expiration of the statute of limitations when the inquiry turns on disputed facts); *Cervantes*, 5 F.3d at 1276 (California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation).

Further, it is HEREBY RECOMMENDED that Defendant's Motion to Dismiss, (ECF No. 11), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 8, 2025**              /s/ Barbara A. McAuliffe          
                                         UNITED STATES MAGISTRATE JUDGE